UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH JACKSON BAXTER,<br><br>    Plaintiff,<br><br>v.<br><br>KEN RIVERS and JUSTIN HENDRICKSON,<br><br>    Defendants. | Case No. 3:08-cv-00455-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Dismiss and for Summary Judgment (Dkt. 32). The Court finds that oral argument would not significantly assist the decisional process, thus the Court considers the motion on the parties' briefing, without a hearing. The Court rules as follows.

## BACKGROUND

On January 12, 2005, a bondsman falsely identified Plaintiff Joseph Baxter as Jared Hillier, for whom a bench warrant had been issued. The bondsman contacted police. On the bondsman's information, Officer Rivers stopped the car in which Baxter was a passenger; three other people were in the car. Baxter got out and identified himself as Joseph Baxter. Baxter indicated he had no identification with him. Other officers,

**MEMORANDUM DECISION AND ORDER - 1**

including Officer Hendrickson, began to arrive at the scene. Rivers frisked Baxter and asked to remove his wallet. During search of Baxter's wallet, Rivers and Hendrickson found baggies of methamphetamine, and placed Baxter under arrest.

In Baxter's criminal proceedings, the state court judge found that Baxter consented to the search of his wallet, although Baxter denied having given consent. The judge concluded that the search of Baxter's wallet was reasonable, and denied his motion to suppress. On November 2, 2005, a jury found Baxter guilty of possession of methamphetamine and being a persistent violator, and Baxter was sentenced to a unified term of seven years. *See State v. Baxter*, 144 Idaho 672 (2007).

On appeal, Baxter argued that Rivers and Hendrickson lacked reasonable grounds to believe he was armed and dangerous, and thus lacked justification to frisk Baxter under *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Citing to a then-newly issued Idaho Supreme Court decision, the Idaho Court of Appeals held that the facts in Baxter's case did not support an "objectively reasonable" basis for the officers to conclude it was necessary to frisk Baxter to protect the officers or others. *Baxter*, 144 Idaho at 679, *citing State v. Henage*, 143 Idaho 655, 661 (2007). The Court concluded that the state court erred in finding that Baxter's frisk was justified. Baxter's convictions for possession of a controlled substance and being a persistent violator were thus vacated.

On October 29, 2008, Baxter filed a Complaint against Rivers and Hendrickson under 42 U.S.C. § 1983, asserting violations of his Fourth Amendment right to be free

from unlawful search. Baxter filed an Amended Complaint (Dkt. 21) on May 15, 2009. Defendants Rivers and Hendrickson now move to dismiss, asserting absolute and qualified immunity.

## ANALYSIS

1. **Legal Standard**

    Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

    In this case, the sole basis for Defendants' motion to dismiss and for summary judgment is that Defendants are immune as a matter of law, under the doctrines of absolute and qualified immunity. The Court addresses these arguments in turn.

2. **Immunity From Liability For Perjury**

    In support of his § 1983 claim, Baxter asserts that Officer Hendrickson committed perjury in the October 2005 suppression hearing. *See Complaint*, Dkt. 21 at 6. Baxter argues that Officer Hendrickson's false testimony was intended to persuade the court that Baxter was less credible than the officers, and thus to support Baxter's conviction.

**MEMORANDUM DECISION AND ORDER - 3**

The United States Supreme Court has held that 42 U.S.C. § 1983 does not authorize damages claims against a police officer for giving perjured testimony in a claimant's criminal proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). Relying on *Briscoe*, the Ninth Circuit concluded similarly in *Holt v. Castaneda*, 832 F.2d 123 (1987).

Applied here, Baxter is precluded from maintaining an action for damages against Hendrickson based on allegations that the officer gave perjured testimony in Baxter's suppression hearing. Under *Briscoe* and *Holt*, Hendrickson has absolute immunity from damages under § 1983 with respect to Baxter's allegations of perjury.

3. **Qualified Immunity**

In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct, so long as the conduct is objectively reasonable and does not violate clearly established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). A qualified immunity analysis thus consists of two prongs: (1) whether the facts as alleged by plaintiff establish a violation of a constitutional right, and (2) whether that right was clearly established given the state of the law at the time of the alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009), *citing Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

As to the first prong, the court considers whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [defendants'] conduct violated a constitutional right." *Saucier*, 533 U.S. at 201. As discussed herein, the Idaho Court of Appeals determined that Officer Rivers violated Baxter's Fourth Amendment rights when he frisked Baxter. *See Baxter*, 144 Idaho 672. In light of the Idaho Court of Appeals' decision, and given the facts as alleged by Baxter, this Court finds that the first prong has been established.

Inquiry of the second prong – whether the law was clearly established – is a question of law. *Elder v. Holloway*, 510 U.S. 510, 516 (1994). However, consideration of this question "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. The Court must consider the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson*, 129 S.Ct. at 822, *quoting Wilson v. Layne*, 526 U.S. 603, 614 (1999). If the public official can demonstrate he did not know, nor should he have known the relevant legal standard, then qualified immunity applies. *Harlow*, 457 U.S. at 819.

The Supreme Court has recognized that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable."

*Anderson v. Creighton*, 483 U.S. 635, 641 (1987). True to its dual purposes of protecting state actors who act in good faith, and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The conduct at issue here concerns Rivers' frisk of Baxter. Defendants argue that the law regarding grounds for a lawful frisk was not clearly established, citing the state trial court's finding that the officer's action was reasonable. Defendants also assert that, in reversing Baxter's conviction, the Idaho Court of Appeals relied on an Idaho Supreme Court decision that was issued after Baxter's arrest and conviction. It is true that the Idaho Court of Appeals cited to *Henage*, a case decided after Baxter's arrest. But Defendant points to no split or relevant controversy in the law at the time that Rivers frisked Baxter. Nor does it appear that *Henage* was in some way a groundbreaking decision.

In its qualified immunity analysis here, this Court looks only at case law in existence at the time of Baxter's arrest in January of 2005. At that time, the law provided that an officer is justified in frisking a suspect if "a reasonably prudent [person] in the circumstances would be warranted in the belief" that he or others were in danger. *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Where the officer can point to "specific and articulable facts" that would cause a reasonably prudent person to believe the suspect posed a

danger, the officer is justified in frisking the suspect. *State v. Babb*, 133 Idaho 890, 892 (Ct. App. 2000). The Court must look to the totality of circumstances in analyzing the danger reasonably perceived by the officers. *Id*. The case law appears consistent. The question becomes whether, given the facts and circumstances, Rivers' conduct could reasonably be construed as "mistaken judgment," as described in *Hunter*, or if a reasonable person would conclude that Rivers knew or should have known his conduct violated the law.

The unchallenged facts include that Officer Rivers stopped Baxter's car in midday. There were three people in the car other than Baxter. Rivers believed there was a warrant for Baxter's arrest, based upon his mistaken belief that Baxter was actually Hillier, for whom there was a warrant. But, according to Rivers' own testimony, Rivers did not know the nature of the warrant. Baxter immediately stepped out of the car when Rivers stopped the car. Baxter identified himself as Joseph Baxter, but Rivers suspected that he was Hillier, and lying about his identity. Baxter told Rivers he did not have identification with him. Rivers frisked Baxter, and during this frisk, Rivers felt what he believed was a wallet in Baxter's rear pocket. According to Rivers, other officers began to arrive at the scene soon after Rivers made contact with Baxter.

There is no evidence that Rivers believed Baxter was armed. There is no evidence "that Baxter or his companions were uncooperative, violent, or abusive while being detained." *Baxter*, 144 Idaho at 679. The circumstances fail to support that Rivers

**MEMORANDUM DECISION AND ORDER - 7**

reasonably and justifiably believed that his or others' safety was at risk, as contemplated in *Terry* or *Babb*.

The only specific and articulable facts supporting a risk of danger are that there were three other people in the car with the suspect, and that there was a warrant for the suspect's arrest. However, these facts must be balanced by the facts that back-up officers were arriving at the time Rivers stopped Baxter's car, that it was midday, and that all persons in the car – including Baxter – were being cooperative and non-threatening. Considering the totality of circumstances, the Court finds that a reasonably prudent person in Rivers' position knew or should have known that a frisk of Baxter was in violation of Baxter's Fourth Amendment rights.

This Court is mindful that the trial judge in Baxter's criminal case found no constitutional violation by the arresting officers. However, the trial judge's decision was reversed unanimously by the Idaho Court of Appeals on consideration of the legal principles articulated by the United States Supreme Court more than 40 years ago in *Terry*. While the Idaho Court of Appeals also cited to *Henage*, a more recent decision of the Idaho Supreme Court, that decision was an unremarkable and routine application of the well-established principles set forth in *Terry*. Given the undisputed facts and applicable law, it is clear to the Court that Baxter's trial judge simply got it wrong. His decision provides no basis for an assertion of qualified immunity here.

For these reasons, this Court finds that the law was clearly established, Baxter's

Fourth Amendment rights were violated, and qualified immunity does not apply. The Court will therefore deny Defendants' Motion for Summary Judgment.

## ORDER

**IT IS ORDERED:**

1. Defendant Hendrickson is immune from liability for perjury. Claims in Plaintiff's Complaint under § 1983 asserting Hendrickson's liability for perjury are therefore DISMISSED.

2. Qualified immunity does not apply to Rivers, with respect to Rivers' illegal frisk of Baxter. Accordingly, Defendant's Motion for Summary Judgment (Dkt. 32) is DENIED.

DATED: **September 30, 2010**

B. LYNN WINMILL
Chief U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**