UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH JACKSON BAXTER,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN RIVERS and JUSTIN HENDRICKSON,<br><br>        Defendants. | Case No. 3:08-cv-00455-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 34), and Motion to Appoint Counsel (Dkt. 35). The Court finds that oral argument would not significantly assist the decisional process, and will thus consider the motions without a hearing. The Court rules as follows.

## BACKGROUND

On January 12, 2005, a bondsman falsely identified Plaintiff Joseph Baxter as Jared Hillier, for whom a bench warrant had been issued. On information from the bondsman, Officer Rivers stopped the car in which Baxter was a passenger; three others were in the car. Baxter got out and identified himself as Joseph Baxter. Baxter indicated he had no identification with him. Other officers, including Officer Hendrickson, began to

**MEMORANDUM DECISION AND ORDER - 1**

arrive. Rivers frisked Baxter and asked to remove his wallet. During search of Baxter's wallet, Rivers and Hendrickson found baggies of methamphetamine, and placed Baxter under arrest.

In Baxter's criminal proceedings, the state court judge found that the search of Baxter's wallet was reasonable, and denied his motion to suppress. A jury found Baxter guilty of possession of methamphetamine and being a persistent violator, and Baxter was sentenced to a unified term of seven years. *See* [State v. Baxter, 168 P.3d 1019 (Idaho Ct. App. 2007)](#).

On appeal, Baxter argued that Rivers and Hendrickson lacked reasonable grounds to believe he was armed and dangerous, so as to justify a frisk under [Terry v. Ohio, 392 U.S. 1, 27 (1968)](#). The Idaho Court of Appeals agreed and found that the trial judge erred. The Court of Appeals held that the facts did not support an "objectively reasonable" basis to conclude that a frisk of Baxter was necessary to protect the officers or others. [Baxter, 168 P.3d at 1026](#), *citing* [State v. Henage, 152 P.3d 16, 22 (Idaho 2007)](#). Baxter's convictions for possession of a controlled substance and being a persistent violator were thus vacated.

On October 29, 2008, Baxter filed a Complaint against Rivers and Hendrickson under [42 U.S.C. § 1983](#), asserting violations of his Fourth Amendment right to be free from unlawful search, among other claims. Baxter filed an Amended Complaint (Dkt. 21) on May 15, 2009, which included claims of false arrest, false imprisonment, and malicious prosecution. Defendants Rivers and Hendrickson moved to dismiss (Dkt. 32),

**MEMORANDUM DECISION AND ORDER - 2**

asserting absolute and qualified immunity, which the Court denied. *Order*, Dkt. 40.[1] The Court now considers Baxter's motion for summary judgment (Dkt. 34), and Defendants' legal arguments in response.

## ANALYSIS

**1.      Motion to Appoint Counsel**

As an initial matter, Plaintiff requests appointment of counsel for the third time. The Court has previously denied Plaintiff's requests. *See Orders*, Dkts. 5, 31. For those same reasons, the Court will again deny the motion.

**2.      Legal Standard**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id. at 327*. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of demonstrating the absence of a

---

[1]The Court did find that Officer Hendrickson was immune from liability for perjury. *Order*, Dkt. 40.

**MEMORANDUM DECISION AND ORDER - 3**

genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

**3.     The Court Will Consider The New Legal Arguments Raised By Defendants**

Here, Baxter asserts that there are no factual issues, only questions of law that must be resolved in his favor. In response, Defendants raise legal arguments not addressed in Defendants' motion to dismiss or for summary judgment. Where a party moves for summary judgment, and on the Court's review of the records, files, affidavits and documents before the Court, it appears there is no genuine dispute with regard to a material fact essential to the moving party's case, and that the movant's case "cannot be proved if a trial should be held, [then] the court may sua sponte grant summary judgment to the non-moving party." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311-12 (9th Cir. 1982)(other citations omitted). Under this Ninth Circuit authority, cited by Defendants, the Court may consider Defendants' arguments, despite Defendants' failure to raise them

**MEMORANDUM DECISION AND ORDER - 4**

before. In doing so, the Court must determine whether Baxter, as the moving party, had "a full and fair opportunity to ventilate the issues." *Id.* at 312.

Defendants here filed a Notice of their intent to seek summary judgment as a non-moving party, based on the two legal arguments not raised in their own motion for summary judgment. *Def's Notice*, Dkt. 36-10. Baxter filed a response to Defendants' summary judgment motion after Defendants filed their response to Baxter's summary judgment motion raising these new legal arguments. *Baxter Response*, Dkt. 38 at 8-9. In Baxter's response, he addressed Defendants' statute of limitations argument. Additionally, Baxter had the opportunity to file a reply brief to address the legal issues raised by Defendants in their response (Dkt. 36). Baxter has filed no reply, nor request for more time to do so. The Court is satisfied that Baxter has had a full and fair opportunity to address the new issues raised by Defendants, and will thus consider Defendants' legal arguments as follows.

### 4. Baxter Cannot Prove Malicious Prosecution

The elements of a malicious prosecution constitutional claim are that (1) defendants prosecuted [plaintiff] with malice, and (2) without probable cause, and (3) for the purpose of denying [him] equal protection or another specific constitutional right. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (citation omitted). In Idaho, elements necessary for a state law malicious prosecution claim are: (1) a prosecution; (2) that ended in favor of the plaintiff; (3) in which defendant was the prosecutor; (4) who acted with malice; (5) and without probable cause; and (6) damages

resulted. *Shannahan v. Gigray*, 962 P.2d 1048, 1051 (Idaho 1998). Summary judgment based on the absence of malice is appropriate where "there is no evidence from which a reasonable fact finder could conclude that the defendant pursued the underlying action with malice." *Tucker*, 515 F.3d at 1030

"Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)(citation omitted). However, the Ninth Circuit has established a rebuttable presumption that a prosecutor exercises independent judgment in deciding to file criminal charges, thus immunizing the investigating officers from liability for injuries suffered after the charging decision. *Smiddy v. Varney* 665 F.2d 261 (9th Cir. 1981). This presumption may be rebutted with evidence that the officers "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067. "Such evidence must be substantial." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008).

Applying that standard to the facts of this case, we must begin with a rebuttable presumption that the prosecutor in Baxter's criminal case made an independent decision – without undue influence by Defendants Rivers and Hendrickson – to charge Baxter with possession of methamphetamine and being a

persistent violator. To support his claim of malice, Baxter asserts only that Officer Hendrickson committed perjury in the October 2005 suppression hearing. *See Am. Compl.*, Dkt. 21 at 6. Baxter argues that Officer Hendrickson's false testimony was intended to persuade the court that Baxter was less credible than the officers, and thus to support Baxter's conviction. The Court agrees that this assertion may raise an inference that Officer Hendrickson intended to ensure a conviction *after Baxter was charged*; however, Baxter has neither alleged nor presented evidence that Hendrickson *arrested* Baxter out of malice, or engaged in other conduct intended to persuade the prosecutor, recklessly or in bad faith, to *pursue* charges against Baxter. Indeed, the undisputed fact that Hendrickson found baggies of methamphetamine in Baxter's wallet supports an entirely reasonable basis for his arrest of Baxter.

In its prior Order (Dkt. 40), the Court found that Officer Rivers lacked probable cause to frisk Baxter. This finding – by itself – does not provide evidence that Rivers acted with malice in conducting the frisk. Again, Baxter has neither alleged nor provided evidence that Rivers frisked Baxter out of ill-will or hostility. There is a distinction between a frisk knowingly performed without probable cause, and a frisk done with malice. Although the two scenarios are not mutually exclusive – an officer could conduct a frisk with malice and without probable cause – Baxter here has pointed to no evidence from which a reasonable person could conclude that Rivers acted with malice. Defendants point out that neither Rivers nor Hendrickson knew Baxter before the January 12, 2005 incident; at the time of the incident, Rivers believed that Baxter was really Hillier, for

**MEMORANDUM DECISION AND ORDER - 7**

whom an arrest warrant had been issued. *See State v. Baxter*, 168 P.3d 1019, 1023 (Idaho Ct. App. 2007). Baxter does not argue otherwise.

The Court finds that Baxter has failed to rebut the presumption of prosecutorial independence, so as to attribute malice to actions by Rivers and Hendrickson. Absent evidence of malice by Defendants in conducting the frisk and arrest of Baxter, the Court will dismiss Baxter's malicious prosecution claim against Rivers and Hendrickson.

**5.     Baxter's Remaining Claims Are Barred By The Applicable Statute of Limitations**

Defendants assert that the statute of limitations has run with respect to Baxter's claims of false arrest and false imprisonment. In § 1983 actions,[2] the Court applies the statute of limitations for personal injury actions in the forum state. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004). The applicable statute of limitations under Idaho Code § 5-219(4), is two years. The statute of limitations on a § 1983 claim for damages for false arrest in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

The criminal complaint against Baxter was filed January 13, 2005; Baxter was bound over to district court and the Information for a felony was filed against him on

---

[2]Baxter's Complaint and Amended Complaint appear to raise claims for false arrest and false imprisonment only under § 1983, and not as tort claims. Baxter asserts in his response (Dkt. 38) to Defendant's summary judgment motion that he "mailed two tort notices of claim forms to the Twin Falls City Clerk." *See Baxter* Aff., Dkt. 38-1. However, the sworn statement of the Twin Falls City Clerk provides that no such notices were received. *Bryan Aff.*, Dkt. 36-8, ¶ 3. If Baxter intended to assert claims in tort, such claims would be dismissed under Idaho Code §§ 6-906, 6-908.

**MEMORANDUM DECISION AND ORDER - 8**

February 18, 2005. *See Exs. D & E to Davis Aff.*, Dkts. 36-5 & 36-6. Baxter filed his initial complaint (Dkt. 3) in this matter on October 29, 2008. Whether Baxter was detained pursuant to legal process in January or February of 2005, Baxter's claims for false imprisonment and false arrest are time-barred. The Court will therefore dismiss these claims as barred by the statute of limitations.

## ORDER

**IT IS ORDERED THAT**:

1. Plaintiff's Motion to Appoint Counsel (Dkt. 35) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment (Dkt. 34) is **DENIED**.

3. Plaintiff's malicious prosecution claim is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims of false arrest and false imprisonment are **DISMISSED WITH PREJUDICE.**

4. There being no claims remaining, Plaintiff's case is **DISMISSED** in its entirety.



DATED: **November 23, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge