UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH J. BAXTER,<br><br>            Plaintiff,<br><br>     v.<br><br>KEN RIVERS, and JUSTIN HENDRICKSON,<br><br>            Defendants. | Case No. 3:08-cv-00455-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is pro se Plaintiff Joseph J. Baxter's Motion To Alter Judgment (Dkt. 43) from the Court's Memorandum Decision and Order (Dkt. 41) and Judgment (Dkt. 42) dismissing this action. Also before the Court is Defendants' Motion to File Sur-Response (Dkt. 46), in light of arguments newly raised in Plaintiff's reply. Having considered the parties' briefing, including the sur-response and Plaintiff's response thereto, the Court will grant Defendant's Motion to File Sur-Response, and deny Plaintiff's Motion to Alter Judgment, as more fully expressed below.

## LEGAL STANDARD

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence,

(2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied. Here, Plaintiff asserts that the second category applies – that the court committed clear error.

## ANALYSIS

In its Memorandum Decision and Order dismissing Plaintiff's action, the Court determined that Plaintiff's false arrest and false imprisonment claims were barred by the applicable statute of limitations, Idaho Code § 5-219(4) of two years. *Mem. Dec. & Ord.*, Dkt. 41. The Court determined that Plaintiff's claim accrued when he became "detained pursuant to legal process," citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007). *Id.* In this motion, Plaintiff contends that the Court erred in calculating the accrual date for his claim of constitutional violation under § 1983. As a result, Plaintiff argues that the Court incorrectly found that the statute of limitations had run. Plaintiff relies on a Ninth Circuit decision holding that a § 1983 action for illegal search and seizure does not accrue until criminal charges have been dismissed or conviction overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (citing *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994)). However, the holding in *Harvey*, as relied on by Plaintiff, was effectively overruled by *Wallace v. Kato*, 549 U.S. 394 (affirming *Wallace v. City of Chicago*, 440 F.3d 421, 425-27 (7th Cir. 2006), which disagreed with the *Harvey* rule cited by Plaintiff here); *see Kamar v. Krolczyk*, 2008 WL 2880414 at 6-7.

In *Wallace*, the plaintiff brought suit under § 1983 for unlawful arrest in violation of the Fourth Amendment. The *Wallace* court noted that "the *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has *not* been . . . invalidated," in other words, when there is an "outstanding criminal judgment." *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (internal quotations omitted). The court in *Wallace* noted that a district court could stay a civil action under § 1983 "until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 1098. However, the *Wallace* court declined to "adopt a federal tolling rule" to toll the limitation period from time of conviction until such time as a conviction is set aside, noting that "it would not be known whether tolling is appropriate by reason of the *Heck* bar until it is established that the newly entered conviction would be impugned by the not-yet-filed, and thus utterly indeterminate, § 1983 claim." *Id.* at 1099. Ultimately, the *Wallace* court concluded that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 1100. The United States Supreme Court's decision in *Wallace* squarely applies to Plaintiff's case here.

Plaintiff argues that *Wallace* should not apply because it was decided after his claim arose. As noted by Defendant, the United States Supreme Court has held that "when (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other courts must treat that same (new) legal rule as

'retroactive,' applying it, for example, to all pending cases, whether or not those cases involve predecision events." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752 (1995) (other citation omitted). Just as the new rule in *Wallace* applied to the parties in that case, the rule also applies retroactively to the parties here. Accordingly, the Court finds no error in its decision dismissing this matter as barred by the applicable statute of limitations, and under *Wallace*. There being no error, or other basis for reconsideration or to alter judgment, the Court will deny Plaintiff's motion.

## ORDER

IT IS ORDERED:

1. Defendant's Motion to File Sur-Response (Dkt. 46) is **GRANTED**.

2. Plaintiff's Motion to Alter Judgment (Dkt. 43) is **DENIED**.

DATED: August 26, 2011

B. Lynn Winmill
Chief Judge
United States District Court